IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DANIELLE WADE, | ) | |
| | ) | No. 08 C 3063 |
| Plaintiff, | ) | |
| | ) | JUDGE PALLMEYER |
| vs. | ) | |
| | ) | Magistrate Judge Nolan |
| CITY OF CHICAGO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## CITY OF CHICAGO'S MOTION FOR ENTRY OF JUDGMENT NUNC PRO TUNC OR, ALTERNATIVELY, TO DISMISS *MONELL* CLAIM

Defendant City of Chicago, ("City") by its attorney, Mara S. Georges, Corporation Counsel of the City of Chicago, by Thomas J. Platt and Bhairav Radia, Assistants Corporation Counsel, pursuant to Federal Rule of Civil Procedure 58 requests entry of judgment in its favor on all claims remaining in this case, *nunc pro tunc* as of May 9, 2011 or, alternatively, to dismiss the *Monell* claim, stating as follows:

1. Plaintiff Danielle Wade alleged claims under 42 U.S.C.§ 1983 for violation of her constitutional rights and claims under Illinois law for malicious prosecution. In Count III of the complaint, plaintiff pled a *Monell* against the City alleging that illegal customs, policies and widespread practices of the City caused the deprivation of plaintiff's constitutional rights.

2. On February 11, 2011, this court denied, without prejudice, the City's Motion for Summary Judgment as to the Count III, the *Monell* claim. (Docket #'s 105, 146).

3. On April 7, 2011, the court granted the City's Motion to Dismiss

"unknown officers" as defendants and granted the City's Motion to Bifurcate the *Monell* claim from the trial which began May 2, 2011 against defendants Shamah and Doroniuk. (Docket #214). On May 9, 2011 the jury returned a verdict for the defendants on all claims. Judgment was entered on the jury verdict in favor of Defendants Shamah and Doroniuk. (Docket # 249).

4. In light of the jury verdict in favor of the individual defendants, Defendant City requests that judgment also be entered in its favor, *nunc pro tunc*. Based on the jury verdict in favor of the defendants Shamah and Doroniuk on all claims, the City cannot be liable in this case as a matter of law. *See Los Angeles v. Heller*, 475 796, 799 (1986) ("if [plaintiffs] are unsuccessful in their claims against the individual defendants, they will no longer have a cause of action against the city."). Under the facts of this case, the City cannot be held liable because that finding would be inconsistent with the verdict entered on behalf of the individual defendants. *See, Thomas v. Cook County Sheriff*, 588 F.3d 445, 456 (7th Cir.2009).

5. Federal Rule of Civil Procedure 58 allows entry of judgment where the court denies all relief. FRCP 58(b)(1)(C). The court's entry of judgment in favor of Doroniuk and Shamah effectively denied all relief to plaintiff and ends this litigation. Judgment should accordingly be entered in favor of City of Chicago.

6. Alternatively, City of Chicago requests dismissal of the *Monell* claim, with prejudice, on grounds that verdict and judgment in favor of Doroniuk and Shamah precludes the City's liability under *Monell*.

WHEREFORE, defendant City of Chicago requests entry of judgment in its favor and against plaintiff for all claims to be entered nunc pro tunc as of May 9, 2011, or

alternatively, to enter a dismissal order with prejudice as to defendant, City of Chicago.

                                             MARA S. GEORGES
                                             Corporation Counsel, City of Chicago

May 17, 2011

                                 By:   */s/Thomas J.Platt*
                                            Thomas J Platt
                                            Chief Assistant Corporation Counsel

                                            */s/Bhairav Radia*
                                            Bhairav Radia
                                            Assistant Corporation Counsel

30 North LaSalle Street, Suite 900
Chicago, Illinois 60602
(312) 744-4833/5106
Atty. Nos. 06181260/06293600