# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Rebecca R. Pallmeyer RRP | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 3063 | **DATE** | 1/25/2012 |
| **CASE TITLE** | Danielle Wade vs. City of Chicago, et al | | |

**DOCKET ENTRY TEXT**

Enter Written Opinion. Plaintiff's motion for a new trial [260] is denied. (For further details see minute order.)

■[ For further details see text below.]      Notices mailed by Judicial staff.

## STATEMENT

    Plaintiff Danielle Wade was prosecuted and convicted of driving a stolen van. In this lawsuit, Wade claims that Defendants, CPD Officers Richard Doroniuk and Mahmoud Shamah, manufactured the case against her, and sought recovery under theories of denial of due process, malicious prosecution and conspiracy. The jury returned a verdict in favor of the Defendants, and Ms. Wade now seeks a new trial. She argues that the verdict was contrary to the manifest weight of the evidence, that the court's evidentiary rulings were unfair and prejudicial, and that the jury was improperly instructed.

    Ms. Wade's sufficiency-of-the-evidence arguments bear only brief discussion. The court may set aside a jury verdict only if "no rational jury could have found for the prevailing party," deferring assessment of the witnesses' credibility and the weight of the evidence to the jury. *Bogan v. City of Chicago*, 644 F.3d 563, 572 (7th Cir. 2011). Plaintiff believes the test is met here, but the court disagrees. Defendants testified that Plaintiff gave inculpatory statements to them after she was stopped for driving a vehicle that had been reported stolen. Plaintiff insists she did not know that the vehicle had been stolen when she borrowed it briefly, and denies ever having made a contrary statement. She also presented evidence that both Defendant officers violated the law by fabricating cases against other Chicago arrestees–conduct that ultimately earned federal convictions. *See United States v. Shamah*, 624 F.3d 449 (7th Cir. 2010) (affirming Shamah's conviction of RICO and civil rights conspiracies). The jury heard Plaintiff's testimony, however, and had ample opportunity to consider Defendants' misconduct. Defendants acknowledged their convictions for such wrongdoing, though both testified that their criminal activity began only after Plaintiff's arrest and conviction. Plaintiff finds that account implausible, but the jury was entitled to believe it, and to conclude that there was no *Brady* violation or other denial of due process.

    The absence of a constitutional violation arguably defeated Plaintiff's conspiracy claim, and the jury found in favor of Defendants on that claim, as well. Finally, Plaintiff's state law malicious prosecution claim requires a showing that there was no probable cause for the prosecution and that it terminated in a manner indicative of innocence. *Swick v. Liautaud,* 169 Ill. 2d 504, 512, 662 N.E.2d 1238, 1242 (1996). An

**STATEMENT**

assistant state's attorney testified that the charges against Plaintiff were dismissed because Defendants, who were by then facing federal criminal charges, could not be called to testify against her at a second trial. He testified this dismissal did not indicate her innocence, and the jury was entitled to so find. *See Swick*, 169 Ill. 2d at 513, 662 N.E.2d at 1243 ("The abandonment of the proceedings is not indicative of the innocence of the accused when the *nolle prosequi* is the result of . . . the impossibility or impracticability of bringing the accused to trial.").

Nor is the court troubled by its evidentiary rulings. Plaintiff theorizes that Shamah and Doroniuk had already begun their criminal activity at the time of her arrest and were trolling for victims when they pulled her over. To rebut that suggestion, the court permitted testimony concerning criminal activity in the neighborhood and the nature of the Defendant officers' assignment. Evidence concerning the location of liquor stores in the neighborhood was presented to impeach the account Plaintiff offered concerning where she was driving, and why, on the night of the arrest. The jury was entitled to consider that account in its assessment of Plaintiff's credibility and in determining whether there was probable cause for the arrest, a defense to the malicious prosecution claim.

The court also admitted evidence that Plaintiff's passenger was arrested for marijuana possession. The fact that Plaintiff's passenger was arrested at the scene would have been unexplained absent this evidence, and in light of Plaintiff's theory that Defendants were engaged in "planting" evidence at the time of her arrest, they were entitled to offer evidence that they had a legitimate basis for arresting the passenger. In any event, the court finds no basis for the conclusion that Plaintiff's case was unduly prejudiced by evidence that her passenger had a user quantity of marijuana in his possession.

Defendants elicited testimony from Theresa Allen to impeach Plaintiff's account of her work history, not to plant the notion that Plaintiff is a "slacker." And although Plaintiff had no burden of proof at her criminal trial, in light of her insistence that her conviction was solely a product of false statements by the officers, it was not improper for the jury in this trial to learn what evidence had (and had not) been presented during that prosecution.

Finally, Plaintiff challenges the court's jury instructions. The bases for the court's rulings on those instructions were adequately explained at the instructions conference. For purposes of this ruling, the court simply observes that both the instruction concerning "unexplained possession of a motor vehicle" and the instruction concerning "termination of a criminal prosecution in a manner indicative of innocence" were accurate statements of the law, and linked to evidence in the record. Plaintiff's suggestion that the jury should have been instructed that the City would indemnify Defendants for an award of compensatory damage assumes that the jury's verdict in Defendants' favor was based on sympathy. The court does not share that assumption.

The evidence was adequate to support the jury's verdict, and any error in the court's rulings was not unduly prejudicial. Plaintiff's motion for a new trial [260] is denied.

*[Signature: Rebecca R. Pallmeyer]*